UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JORGE VELA VASQUEZ, | ) | |
| Institutional ID No. 4573-048, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:13-CV-008-BG |
| GILES W. DALBY CORRECTIONAL | ) | ECF |
| FACILITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff filed this civil rights action *in forma pauperis* seeking nonspecific relief for his claim that prison officials at Giles W. Dalby Correctional Facility acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Thereafter, Plaintiff was transferred from the prison to the custody of the Bureau of Immigration and Customs Enforcement and now resides in Nevada.

**I.    Discussion**

The court must screen a complaint brought *in forma pauperis* and dismiss it if the allegation of poverty is untrue or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (2014). An action is frivolous if it lacks an arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). Plaintiff's action is frivolous; accordingly, it should be dismissed.

The undersigned notes that Eighth Amendment violations Plaintiff alleges occurred during his incarceration at a private correctional facility operated under contract with the Federal Bureau

of Prisons. Therefore, to the extent that Plaintiff seeks damages for his allegations of deliberate indifference to serious medical needs, the undersigned recommends that the district court dismiss his claims pursuant to *Minneci v. Pollard*, --- U.S. ----, 132 S. Ct. 617, 626, 181 L. Ed. 2d 606 (2012).

To the extent that Plaintiff seeks injunctive relief, the undersigned recommends that the district court dismiss his claims as moot. Because Plaintiff is no longer incarcerated at Giles W. Dalby Correctional Facility, he cannot show a likelihood that he will be subjected to future deliberate indifference to his serious medical needs at the prison; his request for injunctive relief is therefore without merit. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (finding lack of standing as to claim for injunctive relief because inmate had not shown a likelihood of future harm); *see also Cooper v. Sheriff, Lubbock Cnty.,* 929 F.2d 1078, 1084 (5th Cir. 1991) (holding claims for injunctive relief were moot because inmate was no longer detained at the facility).

## II.     Recommendation

For the foregoing reasons, the undersigned recommends that the district court dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915. The undersigned further recommends that all pending motions be denied as moot and that dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

## III.    Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: October 6, 2014.

NANCY M. KOENIG
United States Magistrate Judge