IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| JORGE VELA VASQUEZ,<br>Institutional ID No. 45737-048, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.<br>5:13-CV-00008-C |
| GILES W. DALBY C.F., *et al.*, | § § § | |
| Defendants. | § | ECF |

## ORDER

Plaintiff Jorge Vela Vasquez, acting *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 on January 8, 2013, and was subsequently granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b). Plaintiff alleges that the named defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and he requests injunctive relief and monetary damages. The Defendants have not filed an answer.

By Order dated May 6, 2014, the complaint was transferred to the docket of the United States Magistrate Judge, who conducted the judicial screening pursuant to 28 U.S.C. §§ 1915 and 1915A. Plaintiff failed to consent to the jurisdiction of the Magistrate Judge; therefore, the Magistrate Judge filed a Report and Recommendation on October 6, 2014, and transferred the complaint back to this Court. Plaintiff did not file a reply or objections to the Report and Recommendation.

The undersigned District Judge has made an independent examination of the record in this case and finds that the Magistrate Judge's findings and conclusions should be ADOPTED.

It is, therefore, **ORDERED**:

(1) All claims alleged in Civil Action No. 5:13-CV-00008-C against the Giles W. Dalby Correctional Facility and its employees are DISMISSED with prejudice as frivolous and for failure to state a claim.

(2) Any pending motions are DENIED.

(3) This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

(4) The dismissal of Plaintiff's complaint does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner **shall be required to pay the full amount of a filing fee**.") (emphasis added); *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) ("No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal.").

(5) Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $505.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

Judgment shall be entered accordingly.

Dated October 30, 2014.

SAM R. CUMMINGS
United States District Judge

2